UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

Eastern District of Kentucky
FILED
JAN 17 2007
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-98-GWU

CAROLYN JEWELL, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Carolyn Jewell brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jewell, a 56 year-old former janitor/cleaner, maid, and child care worker with a "limited" education, did not suffer from a "severe" impairment during the time period relevant to this appeal. (Tr. 18, 21). Therefore, she could not be considered totally disabled. (Tr. 21).

The time period pertinent to this appeal is important. Jewell alleged an onset date of May 15, 1999 on her application for DIB. (Tr. 48). The ALJ determined that her DIB-insured status expired on March 31, 2000. (Tr. 20). Therefore, the plaintiff must prove she became disabled during this time frame to qualify for DIB.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Jewell did not suffer from a "severe"

impairment during the relevant time period. The evidence dated from this time frame is very sparse and consists only of three treatment notes from the staff of the East Bernstadt Medical Clinic. (Tr. 148-149). In July of 1999, clinic staff member Dr. Peter Rock indicated that the plaintiff's lungs were clear and that her heart rate and rhythm were regular. (Tr. 149). Her asthma was said to be stable. (Tr. 149). Similar findings were made by Dr. Rock in November of 1999. (Tr. 148). She was treated at the clinic by Dr. W. Downey in January of 2000 for cold symptoms and laryngitis. (Tr. 148). No physical limitations were identified by the clinic's staff which would suggest the existence of a "severe" impairment.

Dr. James Ross reviewed the record in September of 2003 and opined that it did not reveal the existence of a "severe" physical condition prior to March 31, 2000. (Tr. 183-184). This opinion was affirmed by Dr. Timothy Gregg, another medical reviewer, in November of 2003. (Tr. 185). These reports provide strong evidence to support the administrative decision.

The record reveals that Jewell began treatment with Dr. Aqeel Mandviwala for her breathing problems in October of 2002, approximately two and and half years after the expiration of her DIB-insured status. (Tr. 170). In March of 2004, approximately four years after the plaintiff's date last insured (DLI), Dr. Mandviwala issued a Medical Assessment of Ability to do Work-Related Activities Form upon which he identified the existence of extremely severe physical limitations relating to the claimant's asthma. (Tr. 152-155). The ALJ rejected this opinion because it did not "relate back" to the pertinent time period. (Tr. 20). This action appears appropriate.

Jewell asserts that the ALJ had a heightened duty to develop the record because she was not represented by a licensed attorney at the administrative hearing. She argues that the ALJ failed to fulfill this heightened duty because he

did not request that Dr. Mandviwala address his opinion as to her ability to perform work activities to the relevant time period. As previously noted, the doctor did not even see the claimant before October 31, 2002. This was two and half years after the DLI. Arguably, any opinion Dr. Mandviwala would have concerning this time frame would not have been the result of direct observation. More importantly, the plaintiff's own statements to the physician at her October, 2002 intake interview do not suggest that her condition was disabling prior to the DLI. At that time, Jewell reported having suffered from asthma for 20 years. (Tr. 170). Her symptoms had only deteriorated since the previous winter. (Tr. 170). Thus, the claimant's own statements to the physician do not suggest the existence of a disabling condition during the pertinent time frame. Under these circumstances, the Court finds no error.

Jewell also asserts that the ALJ should have obtained a medical source statement from Dr. Rock. The undersigned notes that even licensed attorneys often do not obtain such evidence from treating sources for their clients and, so, the ALJ's failure to do so would not necessarily be a breach of his heightened duty to develop the record. As previously noted, the medical reviewers did see the record and specifically addressed the issue of the plaintiff's impairments during the relevant time frame. The administrative regulations recognize that these agency personnel are highly qualified physicians who are experts in the area of disability evaluation. 20 C.F.R. Section 404.1527(f(2)(i). Thus, the claimant's status was at least reviewed by medical professionals. Therefore, under these circumstances, the Court finds no error.

Jewell argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th

Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, the undersigned has already determined that the ALJ acted properly in finding that Jewell did not suffer from a "severe" impairment during the relevant time period. Therefore, the plaintiff does not meet even the first part of the Duncan test.

The Court notes that Jewell submitted additional medical evidence directly to the Appeals Council which was never seen by the ALJ. (Tr. 198-205). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In the present action, the plaintiff has failed to meet her burden of proof by adducing arguments why such a remand would be required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

entered simultaneously consistent with this opinion.

This the 17 day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE